IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD THOMAS KELLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | NO. 3:19-cv-01041 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| HILTON HALL JR., Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Richard Thomas Kelley, an inmate of the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on November 14, 2019, in the Western District of Tennessee. (Doc. No. 1.) The Western District granted Petitioner's application to proceed as a pauper and transferred the matter to this Court. (Doc. Nos. 5, 7), wherein a response to the Petition was ordered. (Doc. No. 11.)

Respondent subsequently filed a Motion to Dismiss the Petition as untimely (Doc. No. 13) along with the record of state court proceedings (Doc. No. 12), and Petitioner then filed a response in opposition to Respondent's Motion (Doc. No. 17). Pursuant to the Court's direction, Respondent has now filed a Reply in support of his Motion to Dismiss. (Doc. No. 19.)

Having carefully considered the pleadings and record, the Court finds that an evidentiary hearing is not needed to resolve the Motion. *See Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (stating that evidentiary hearing is not required "if the record clearly indicates that the petitioner's claims are either barred from review or without merit"). As explained below, this action is untimely and will be dismissed on that basis.

# I. PROCEDURAL HISTORY

In 2013, Petitioner was tried by a jury; convicted of four counts of rape of a child, three counts of aggravated sexual battery, and one count of assault; and sentenced to thirty years' confinement in the Tennessee Department of Correction. He appealed to the Tennessee Court of Criminal Appeals, which affirmed his convictions on April 16, 2015. *State v. Kelley*, No. M2014-00740-CCA-R3-CD, 2015 WL 1777547 (Tenn. Crim. App. Apr. 16, 2015), *perm. app. denied* (Tenn. June 11, 2015). The Tennessee Supreme Court denied permission to appeal on June 11, 2015. *Id.*

On December 16, 2015, Petitioner filed a state post-conviction petition which was subsequently denied by the trial court. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief on July 25, 2018, and the Tennessee Supreme Court denied permission to appeal on November 14, 2018. *Kelley v. State*, No. M2017-01157-CCA-R3-PC, 2018 WL 3578528 (Tenn. Crim. App. July 25, 2018), *perm. app. denied* (Tenn. Nov. 14, 2018).

By *nunc pro tunc* entries on June 26, 2019, the trial court amended its March 13, 2014 judgments on the eight counts of conviction, apparently in response to Petitioner's motion to amend the judgments to correct a clerical mistake under Tennessee Rule of Criminal Procedure 36. (Doc. No. 10-1). These amended judgment orders (*id.* at 27–42) appear to have been required in order to correct the recording on the original judgments of the dates of Petitioner's offenses; they do not appear to have changed his sentence.[1] (*Cf. id.* at 15 *with id.* at 27 (imposing sentence of 30 years at 100% from March 13, 2014, with pretrial jail credits from June 13, 2012 to March 13, 2014.)

---

[1] The amended judgment orders were not included in the certified transcript of the state court record provided by Respondent, but were introduced by Petitioner prior to the entry of the Court's order screening the Petition and requiring a response thereto.

2

Petitioner's pro se Petition for Writ of Habeas Corpus was signed on November 8, 2019 (Doc. No. 1 at 13) and received in the Western District on November 14, 2019. It raises a single claim: that Petitioner's Sixth Amendment right to the effective assistance of counsel was violated because his appointed attorney, Mr. Gregory Smith, "was also a part-time judge" in another county and therefore labored under a conflict of interest, of which Petitioner "just recently" learned. (*Id.* at 5.) In response, Respondent moves for dismissal of the Petition due to its allegedly untimely filing.

## II. ANALYSIS

Habeas corpus petitions under Section 2254 are subject to a one-year statute of limitations that "run[s] from the latest of":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see Holland v. Florida*, 560 U.S. 631, 635 (2010).

In the majority of cases, the statute begins to run when the judgment of conviction becomes final, pursuant to Section 2244(d)(1)(A). Respondent asserts that Petitioner's judgment of conviction became final on September 9, 2015, ninety days after the Tennessee Supreme Court's June 11, 2015 denial of permission to appeal his convictions. *See Clay v. United States*, 537 U.S. 522, 527–28 (2003) ("Finality attaches when [the U.S. Supreme] Court affirms a conviction on the

3

Case 3:19-cv-01041 Document 20 Filed 03/11/21 Page 3 of 8 PageID #: 1133

merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *see also* Sup. Ct. R. 13.1 (requiring petition for writ of certiorari to be filed with Supreme Court Clerk within 90 days after entry of order denying discretionary review). The running of the statute of limitations is counted from the following day, September 10, 2015. *See* Fed. R. Civ. P. 6(a)(1)(A) (when computing a time period "stated in days or a longer unit of time . . . exclude the day of the event that triggers the period"); *Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000) (applying Rule 6(a)'s standards for computing periods of time to habeas filing). It ran for 97 days, until Petitioner filed his post-conviction petition on December 15, 2015, at which point the statute of limitations was tolled while Petitioner pursued his post-conviction remedies. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The statute began to run again on November 14, 2018, when the Tennessee Supreme Court declined to permit an appeal from the denial of post-conviction relief. With the resumption of the running of the limitations period, Petitioner had 268 days—or until August 9, 2019—in which to file a timely federal petition under Section 2254.

Giving Petitioner the benefit of the prison mailbox rule, which deems his Petition filed on the day he submitted it to prison authorities for mailing (which is presumed to be the same day he signed the Petition), *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008), his November 8, 2019 filing was 91 days late.

In his Response to the Motion to Dismiss, Petitioner argues that his April 9, 2019 motion in the trial court under Tennessee Rule of Criminal Procedure 36, to amend his judgments of conviction to correct a clerical mistake concerning the date of his offenses, should be considered

4

"a properly filed application for State post-conviction or other collateral review" that tolls the limitations period. However, such a motion to correct a purely clerical error on a judgment form does not constitute a collateral attack on the judgment. *See Anderson v. Washburn*, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at *1 (Tenn. June 27, 2019) (inaccuracy on judgment form "should be corrected as a clerical mistake under Tennessee Rule of Criminal Procedure 36," rather than treated as a mistake that results in an "illegal sentence" under Rule 36.1; the latter rule defines "illegal sentence" coextensively with state habeas corpus definition) (citing, *e.g.*, *State v. Wooden*, 478 S.W.3d 585, 594–95 (Tenn. 2015)); *cf. Clemmons v. United States*, 376 F. App'x 507, 511 (6th Cir. 2010) (distinguishing between proper motion to correct clerical error in written judgment under Fed. R. Crim. P. 36, which does not involve substantive mistake in sentencing, and Rule 36 motion that actually raised collateral attack on written ruling awarding federal sentence credit based on defendant's state-court sentence). Petitioner is therefore not entitled to a second period of statutory tolling. Even if he were, the trial court granted relief on his April 9, 2019 motion on June 26 (*see* Doc. No. 10-1 at 27–42), and Petitioner received notice of that action on July 1, 2019 (Doc. No. 17 at 1–2), so the resulting tolling period of, at most, 83 days would not be sufficient to render his filing in this Court timely.

Separate from the issue of whether to toll the limitations period after it began running upon Petitioner's convictions becoming final (as described above), there is the issue of whether the limitations period actually began to run at some point *after* Petitioner's convictions became final. But it did not, and it is indeed properly deemed to have begun running at the time Petitioner's convictions became final (as the Court concluded above), without ever getting reset to begin running anew. First, the entry of *nunc pro tunc* amended judgments that merely corrected clerical errors regarding the dates of Petitioner's offenses, without imposing any "new, worse-than-before

5

sentence," did not amount to new judgments that would restart the limitations period under 28 U.S.C. § 2244(d)(1)(A). *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016). Second, although his habeas claim stems from his "recent" discovery of an alleged conflict of interest due to trial counsel's role as a part-time municipal judge in a neighboring county (Doc. No. 1 at 5), this factual predicate could have been discovered through the exercise of due diligence at any point after counsel was appointed, thus precluding a later beginning of the statutory clock under 28 U.S.C. § 2244(d)(1)(D). Even though counsel allegedly failed to disclose this information, the fact of counsel's service as a part-time public official outside the county of Petitioner's prosecution could have been discovered by a simple internet search, as confirmed when "Petitioner's family forwarded the information concerning the Petitioner's defense counsel/sit-in-judge by certified U.S. mail and the HCCF mail room personnel rejected the certified legal mail saying that inmates cannot receive mail printed off the internet." (Doc. No. 17 at 2.) "The petitioner has the burden of persuading the court that he has exercised due diligence in his search for the factual predicate of his claim," *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002) (citing *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001)), and the mere allegation that he "'did not actually know the facts underlying his . . . claim' is insufficient to show due diligence." *Id.* (quoting *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997)).

This leaves equitable tolling as Petitioner's last chance of avoiding the bar of the statute of limitations. The doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (citing *Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). It is Petitioner's burden to show that he is entitled to equitable tolling, *Griffin v. Rogers*, 308 F.3d 647,

6

653 (6th Cir. 2002), a burden he may carry by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Stiltner v. Hart*, 657 F. App'x 513, 520 (6th Cir. 2016).

Petitioner alleges that an inmate legal aide advised him that the statute of limitations was tolled while he pursued correction of clerical errors in his judgments under Tenn. R. Crim. P. 36. (Doc. No. 17 at 1.) He asserts that, in addition to this three-month period of tolling, he should be entitled to relief from the statute of limitations based on his lack of knowledge or training in legal matters, and due to periods of prison lockdown during which he could not contact his inmate legal aide. (*Id.* at 2.) He states that he "tried to work on his habeas corpus continuously when possible and was going by the inmate legal aide's advi[c]e on the time allowed to file [his] habeas corpus petition." (*Id.*) But courts have consistently "rejected arguments that lack of academic and legal education, ignorance of the law, and lack of legal assistance is enough to equitably toll the limitations period," and "[t]he Sixth Circuit has refused to apply the doctrine of equitable tolling even when the reason for a late filing was bad advice from an attorney." *Plummer v. Davis*, No. 2:07 CV 13857, 2010 WL 330376, at *4 (E.D. Mich. Jan. 21, 2010), *aff'd sub nom. Plummer v. Warren*, 463 F. App'x 501 (6th Cir. 2012) (citing, *e.g.*, *Jurado*, 337 F.3d at 644–45); *see also Giles v. Beckstrom*, 826 F.3d 321, 325 (6th Cir. 2016) ("Generally, an attorney's misunderstanding of a filing deadline is not grounds for equitable tolling."); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (pro se status, limited law library access, and lack of access to trial transcripts are "not the kind of 'extraordinary circumstance[s]'" that prevent timely habeas filing).

Consistent with this authority, the Court finds that Petitioner is not entitled to equitable tolling of the statute of limitations, because he has not carried his burden of showing circumstances

7

"both beyond [his] control . . . and unavoidable with reasonable diligence" that prevented his timely filing. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012).

Finally, Petitioner makes no claim of actual innocence of the charges of conviction, such that the Court could reach the merits of his Petition despite its untimeliness. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (allowing that actual innocence can operate in rare cases as an "equitable exception to § 2244(d)(1)," rather than grounds for tolling).

### III. CONCLUSION

As explained above, this action is time-barred. Accordingly, Respondent's Motion to Dismiss based on the statute of limitations (Doc. No. 13) is **GRANTED** and this action is **DISMISSED**.

"When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Swantak v. Romanowski*, No. 08-CV-10126, 2008 WL 186127, at *2 (E.D. Mich. Jan. 18, 2008) (citing *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)). Because reasonable jurists could not find it debatable that the Court is correct in its procedural ruling under the circumstances presented here, the Court declines to issue a certificate of appealability in this case.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE